**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BAKTIIAR ZHANYBEKOV,

Petitioner,

v. No. 1:26-cv-02126-MLG-JFR

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
et al.;

Respondents.

**ORDER DENYING PETITIONER'S SECOND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUIRING RESPONDENTS TO PROVIDE INFORMATION ABOUT THIRD COUNTRY REMOVAL**

This matter is before the Court on Petitioner Baktiiar Zhanybekov's Second Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Second Motion for TRO"), Doc. 10. Zhanybekov, a national of Kyrgyzstan, has been in federal immigration authorities' custody since September 15, 2025. Doc. 1 at 1, 2. On October 17, 2025, Zhanybekov was ordered removed but granted withholding of removal pursuant to the Convention Against Torture. Doc. 1 at 2; *see also* Doc. 8-4 ("Removal Order"). He did not file an appeal. *See* Doc. 1 at 2, 4; Doc. 8-5 (indicating no appeal was received for the case). Accordingly, his order of removal became administratively final on November 17, 2025. *See* Doc. 8 at 1; Doc. 8-5; 8 C.F.R. § 1241.1 (listing circumstances under which an order of removal becomes administratively final, including "[u]pon waiver of appeal by the respondent" or "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"). Zhanybekov filed a petition for writ of habeas corpus ("Petition") on July 1, 2026 asserting that he was entitled to release because his removal was not reasonably foreseeable. Doc. 1 at 9-10.

In anticipation of deporting Zhanybekov pursuant to this administratively final removal order, Federal Respondents[1] moved him to a detention facility in El Paso, Texas, on August 24, 2026. Doc. 10 at 1; Doc.11 at 1; Doc. 11-1. Respondents intend to remove Zhanybekov to an third country on or about August 28, 2026, but the specific location has not yet been disclosed. Doc. 11 at 2; Doc. 11-1.

In response, Zhanybekov filed his Second Motion for TRO. He asserts that Federal Respondents are violating statutory and regulatory requirements necessary for third country removal as well as the Fifth Amendment Due Process Clause. Doc. 10 at 2; Doc. 11 at 1-8. He argues that these legal violations require the Court to enjoin Federal Respondents from removing him from the Tenth Circuit or the United States during the pendency of these proceedings. This request effectively asks the Court to stay Zhanybekov's imminent removal.

The Tenth Circuit has repeatedly ruled that this Court lacks jurisdiction to review removal orders, to hear challenges to removal orders, or to stay removal orders. *See Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006); *Valdovinos-Blanco v. Holder*, 557 F. App'x 793, 794 (10th Cir. 2014) (describing how the court is unaware of "any statutory or common law authority permitting a federal court to intervene in an alien's ongoing deportation proceedings to order withholding of removal . . . or to otherwise stay an alien's removal while his appeal is pending before the BIA until a separate lawsuit he filed is resolved."); *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007) ("Congress has provided an avenue for direct review of final orders of removal through petitions for review in courts of appeals. Indeed, petitions for review filed with the court of appeals are the sole and exclusive means of review of most administrative orders of removal.").

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of the Torrance County Detention Center.

The Tenth Circuit has also noted that 8 U.S.C. § 1252(a)(5)[2] "shifted certain immigration disputes formerly raised through habeas corpus in the district courts to the courts of appeals and converted them into petitions for review." *Hem v. Maurer,* 458 F.3d 1185, 1188 n. 3 (10th Cir. 2006) (noting that § 1252(a)(5) "makes a petition for review to an appellate court the sole means of review of an order of removal issued under the INA, and specifically excludes review under the habeas statutes."). Additionally, § 1252(g) "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate case, or execute removal orders against any alien under this chapter." § 1252(g).

While this Court retains jurisdiction over habeas petitions challenging a petitioner's detention, it does not retain jurisdiction to hear a due process challenge to a removal order. *See id.*; *Ferry*, 457 F.3d at 1131.The Court is barred from preventing the execution of an administratively final order of removal. *See* § 1252(g). Therefore, the Court has no jurisdiction to grant the relief requested by Zhanybekov in his Second Motion for TRO.

---

[2] Section 1252(a)(5) is entitled "Exclusive means of review" and states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

§ 1252(a)(5).

Zhanybekov further argues that his August 24, 2026, transfer violates the Court's July 6, 2026, Order prohibiting Respondents "from transferring Petitioner outside the District of New Mexico without prior approval from the Court while this proceeding is pending." Doc. 6. That ruling, however, does not prohibit transfer outside the District of New Mexico if "an administratively final order of removal is being effectuated." *Id.* That is the case here. That is the case here. Zhanybekov's removal order is final, his removal is imminent, and his transfer to El Paso was made in furtherance of that removal. Doc. 8 at 1; Doc. 8-5; Doc. 11-1.

Separately, Zhanybekov alleges that neither he nor his counsel has been informed of the third country to which Respondents intend to remove him. Doc. 10 at 1; Doc. 11 at 1. The Court therefore orders Federal Respondents to state whether and when Zhanybekov was provided advance notice of the proposed third-country removal and to identify the country to which Respondents presently intend to remove him on or about August 28, 2026. Respondents shall attach to their response any documentary evidence reflecting the notice provided to Zhanybekov. Given the imminence of the contemplated removal, Respondents shall file their response no later than 5:00 p.m. on Tuesday, August 25, 2026.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA