**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BAKTIIAR ZHANYBEKOV,

Petitioner,

v. No. 1:26-cv-02126-MLG-JFR

MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
et al.;

Respondents.

**ORDER DENYING PETITIONER'S THIRD EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

This matter is before the Court on Petitioner Baktiiar Zhanybekov's Third Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Third Motion for TRO"), Doc. 15. The Court having reviewed the motion and being otherwise fully informed, finds that Third Motion for TRO is not well taken.

Zhanybekov, a national of Kyrgyzstan, has an administratively final order of removal. *See* Doc. 8 at 1; Doc. 8-5. Federal Respondents[1] moved him to a detention facility in El Paso, Texas, on August 24, 2026, in anticipation of deporting Zhanybekov. Doc. 10 at 1; Doc.11 at 1; Doc. 11-1. Federal Respondents communicated their intention to remove Zhanybekov to a third country on or about August 28, 2026, but had not yet disclosed the location to Petitioner's Counsel as of that date. Doc. 11 at 2; Doc. 11-1. Zhanybekov filed a Second Emergency Motion for Temporary Restraining Order ("Second Motion for TRO") in which he requested the Court issue an order

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of the Torrance County Detention Center.

enjoining Respondents from removing Zhanybekov from the United States and requiring they follow the statutory and regulatory requirements for third country removal. Doc. 10; Doc. 11 at 8. The Court denied the Second Motion for TRO on the grounds that it lacked jurisdiction to provide the relief requested. Doc. 12 at 2-4.[2]

Despite the Court's ruling, Zhanybekov filed a Third Motion for TRO asking once again that the Court effectively stay his order of removal. Doc. 16 at 9. Zhanybekov again requests the Court enjoin Respondents from removing him to the Central African Republic and otherwise follow the relevant legal procedures for third country removal. *Id.* As before, he does not address Tenth Circuit authority barring review of removal orders, hearing challenges to removal orders, or staying removal orders. *See* Doc. 16; *see also* Doc. 12 at 2-3 (citing *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006); *Valdovinos-Blanco v. Holder*, 557 F. App'x 793, 794 (10th Cir. 2014); *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007)). And he fails to demonstrate a change in the law in the Tenth Circuit since his last motion. *See* Doc. 16.

The Court reiterates that it lacks jurisdiction to grant the relief requested in Zhanybekov's Third Motion for TRO. *See* Doc. 12 at 2-3. It cannot hear a due process challenge to a removal order, and the Court is barred from preventing the execution of an administratively final order of removal. *See Ferry*, 457 F.3d at 1131; 8 U.S.C. § 1252(g). The Tenth Circuit is the sole and exclusive means of reviewing challenges to orders of removal. *See Hem v. Maurer,* 458 F.3d 1185, 1188 n. 3 (10th Cir. 2006) (noting that § 1252(a)(5) "makes a petition for review to an appellate

---

[2] The Court also ordered Federal Respondents identify the country to which Respondents intend to remove Zhanybekov to on or about August 28, 2026. Doc. 12 at 4. Respondents complied with the Order. *See* Doc. 13. Respondents intent to deport Zhanybekov to the Central African Republic. *Id.;* Doc. 15.

court the sole means of review of an order of removal issued under the INA, and specifically excludes review under the habeas statutes."); *Torres de la Cruz*, 483 F.3d at 1017.

Therefore, Zhanybekov's Third Motion for TRO is hereby denied due to lack of jurisdiction to grant the relief requested.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA