**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BAKTIIAR ZHANYBEKOV,

Petitioner,

v. No. 1:26-cv-02126-MLG-JFR

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

Petitioner Baktiiar Zhanybekov, a native and citizen of Kyrgyzstan, was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") over fourteen months ago. Doc. 1 at 1 ¶¶ 2-5. An immigration judge denied his applications for asylum and withholding of removal under 8 § U.S.C. 1231(b)(3) but granted him withholding of removal under the Convention Against Torture ("CAT"). Doc. 1 at 2 ¶ 4; Doc. 8 at 1; Doc. 8-4 at 3. Neither party appealed, and the immigration order became final on November 17, 2025. *See* Doc. 1 at 2 ¶ 4; Doc. 8 at 1-2. Zhanybekov has remained in continuous ICE custody since then. *See* Doc. 28-1 at 1-3; Doc. 33; Doc. 36. He files a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, requesting immediate release on the grounds that his removal is not likely to occur within the reasonably foreseeable future and his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, as well as 8 U.S.C. § 1231(a) of the Immigration and Nationality Act ("INA") and its implementing regulations. Doc. 1 at 9-10 ¶¶ 42-49 (citing *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001)). *See also* Docs. 9-11, 14-16, 18-20, 23, 26-28, 35-36 (maintaining the same across months' worth of motions for emergency injunctive relief). Respondents maintain that

the United States continues its efforts to remove Zhanybekov to the Central African Republic ("CAR") and suggest that its failure to effectuate removal is the result of Zhanybekov's own obstruction of those efforts. *See* Docs. 8, 22, 22-1, 32. After months of back-and-forth briefings consisting of the Government setting firm removal dates and Zhanybekov updating the Court that his departure flight has once again left without him, the Court hereby finds that Zhanybekov's detention is no longer authorized by 8 U.S.C. § 1231(a)(6) for the following reasons.

When evaluating a noncitizen's challenge to their continued detention under § 1231(a)(6), the Court considers "whether the detention in question exceeds a period reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Six months of detention following a final administrative order of removal is considered "presumptively reasonable." *Id.* at 701. Following that six-month period, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. And if the Government cannot meet that evidentiary burden, "the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700; *see also Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, at *25-26 (10th Cir. Oct. 21, 2026).

The presumptively reasonable six-month period for Zhanybekov's detention began on November 17, 2025—the day his final order of removal became administratively final[1]—and elapsed 180 days later on May 16, 2026. *See* § 1231(a)(1)(B); Doc. 8 at 1-2. Zhanybekov's detention post–final order of removal now exceeds one year—double that which is presumptively

[1] Although Zhanybekov was ordered removed on October 17, 2025, the removal order did not become *administratively* final because Zhanybekov reserved his right to appeal the removal order. *See* Doc. 8 at 1-2 (citing Doc. 8-4 at 6). Zhanybekov did not timely appeal, and therefore, when the appeal expiration date became final—November 17, 2025—the removal order became administratively final, as well. *See* 8 C.F.R. § 1241.1.

reasonable under *Zadvydas*. Federal Respondents[2] attribute the delay to Zhanybekov's own obstruction, i.e., creating a medical emergency to prevent removal. Doc. 22 at 1; Doc. 22-1. This, they imply, suspended the six–month presumptive period under *Zadvydas*.[3] Doc. 22 at 1; Doc. 22-1; § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the [noncitizen] may remain in detention during such extended period if the [noncitizen] . . . conspires or acts to prevent the[ir] [own] removal . . . .").

While the Court agrees that this one-time self-harming behavior may have briefly, and impermissibly, interfered with ICE's removal efforts, this does not give the United States carte blanche to detain Zhanybekov indefinitely. Following his hospitalization, the Government resumed removal efforts and failed twice (for unknown reasons) to board him onto subsequently scheduled removal flights to the CAR. *See* Doc. 22-1 (documenting that Zhanybekov was scheduled for a removal flight to the CAR on August 28, 2026, and that his "hospital admission prevented his departure from the United States"); Doc. 26 (alleging, without objection from the United States, that Zhanybekov was not boarded onto his second scheduled departure flight to the CAR on September 22, 2026); Doc. 36 (claiming the same outcome following his third scheduled

[2] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than George Dedos, Warden of Torrance County Detention Facility.

[3] Frankly, Respondents hardly make the argument at all. Their status report following the incident is one sentence: "Pursuant to the Court's Order (Doc. 21), Respondents attach as Exhibit 1 a Declaration by ICE explaining Respondents' removal efforts and Petitioner's obstruction of those efforts." Doc. 22 at 1. The ICE Declaration documented a hospital in Texas admitting Zhanybekov "for observation after he attempted self-harm to prevent removal by drinking two bottles of shampoo" and that this "hospital admission prevented his departure from the United States." Doc. 22-1 at 3. Respondents do not make the argument in any of their briefs that these events extended their statutory authority to continue Zhanybekov's detention past the presumptively reasonable six-month limit established in *Zadvydas*. *But see* Doc. 33 (raising the argument for the first (and only) time at an in-person hearing on Zhanybekov's Fourth Motion for Temporary Restraining Order without having briefed the argument for the Court). The Court considers the argument in good faith—not because the briefing compels the Court to do so.

departure flight on November 19, 2026). The Government has had over ninety days—and two firmly scheduled opportunities—since Zhanybekov's hospitalization to effectuate his removal, but they have failed for undisclosed reasons. They do not continue to allege obstructive behavior. In fact, the Government recently conceded the following to the Court: "Respondents cannot represent that there is a significant likelihood that Petitioner will be removed from the United States in the reasonably foreseeable future" and "recognize that the Court may decide to grant the Petition and award appropriate relief." Doc. 32 at 3; *but cf.* Doc. 34 (updating the Court after the concession that "Petitioner is presently scheduled to be removed to the [CAR] on November 19, 2026"); Doc. 36 (Zhanybekov reporting that his November 19, 2026, flight to the CAR once again departed without him). Two firm removal dates have come and gone without explanation; this leaves the Court skeptical that little more than a mere possibility exists that Zhanybekov will be removed from the United States within the reasonably foreseeable future. This is not enough to justify Zhanybekov's continued detention now that the presumptively reasonable period for his detention has exceeded twofold. *See Zadvydas*, 533 U.S. at 701 ("[A]s the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."); *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1164 (E.D. Cal. 2025) ("The phrase 'significant likelihood' requires something more than a mere possibility that removal will occur.").

Furthermore, the Department of Homeland Security ("DHS") cannot locate Zhanybekov's travel documents. *See* Doc. 32 at 2. Respondents previously conceded this to be a reason why they could not rebut Zhanybekov's claim that removal was unlikely to occur in the reasonably foreseeable future. *See id.* at 1-2. Given that Zhanybekov was scheduled for a departure flight to the CAR that ultimately left without him, his missing travel documents (often a prerequisite to board an international flight) once again establish good reason to believe removal is not reasonably

foreseeable—especially when the Government has not provided evidence that it is any closer to obtaining travel documents or that the CAR has agreed to accept Zhanybekov. *See, e.g.*, *Le Nguyen v. Bondi*, No. 2:25-cv-01198-KWR-JMR, 2026 WL 892491, at *10 (D.N.M. Mar. 31, 2026) (concluding that the Government did not meet its burden when travel documents were requested but not obtained and there was no evidence that Vietnam could accept the detainee); *Jobe v. Acuna*, No. 25-cv-1391, 2026 WL 775928, at *3 (W.D. La. Mar. 3, 2026) ("Attempting to place Petitioner on an international flight without a valid travel document or passport does not reflect a genuine effort to remove him. The Government ought to know, and likely does, the requirements for boarding an international flight."), *report and recommendation adopted by* 2026 WL 772631 (W.D. La. Mar. 18, 2026); *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (concluding that removal is not likely in the reasonably foreseeable future when respondents have not shown "that any travel documents are in hand, nor have they provided any evidence, or even assurances from the [foreign] government, that travel documents will be issued in . . . days or weeks or even months.").

In light of the above, the Court finds that Federal Respondents have failed to rebut Zhanybekov's showing "that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court holds that Zhanybekov's continued detention is no longer authorized by § 1231(a)(6). *See Zadvydas*, 533 U.S. at 699. He is therefore entitled to immediate release, subject to reasonable conditions of supervision. *See* § 1231(a)(3); 8 C.F.R. § 241.13(h). Zhanybekov may be re-detained only if his removal becomes reasonably foreseeable, i.e., Federal Respondents procure travel documents, demonstrate evidence that the third country to which he will be deported will accept him, and establish a credible timeline for imminent removal. *See* § 241.13(i).

The Court therefore grants the Petition and orders the following:

(a) Respondents must release Zhanybekov under appropriate conditions of supervised release within forty-eight hours of the entry of this Order. *See* § 241.13(h). Respondents shall notify his counsel of such release immediately.

(b) Zhanybekov shall be released with all of his property, including identification documentation, that was in his possession when he was detained by Respondents, along with a copy of this Order and the order of supervision he is released under.

(c) Respondents must not remove Zhanybekov to any third country without first providing him with constitutionally and regulatorily compliant procedures, including: (1) written notice that material changes have caused his removal to become reasonably foreseeable; and (2) an opportunity to promptly challenge his removal and present a fear-based claim at an informal interview. *See Abedi*, 2026 WL 3149141, at *18 (10th Cir. Oct. 21, 2026) (concluding that noncitizens released following a determination that there is no significant likelihood of removal within the reasonably foreseeable future may only have their release revoked pursuant to the procedural framework established in § 241.13(i)).

(d) Respondents shall file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Zhanybekov was released from custody.

(e) The Court will separately enter Final Judgment but retain jurisdiction over this matter to ensure compliance with this Order.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA